UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JOE ANGEL GONZALES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. 6:19-cv-181 |
| **v.** | § | |
| | § | |
| **CHARLOTTE PIPE AND** | § | |
| **FOUNDRY COMPANY** | § | **JURY DEMANDED** |
| | § | |
| **Defendant** | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff JOE ANGEL GONZALES, by and through his undersigned attorney of record, and sues Defendant CHARLOTTE PIPE AND FOUNDRY COMPANY ("Defendant") for violation of Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ("ADA"), and the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.001 et seq. ("TCHRA"). For cause of action, Plaintiff would show as follows:

### I.     PARTIES, JURISDICTION AND VENUE

1.1.    Plaintiff is an individual and is a resident of the State of Texas. Plaintiff resides in Milam County, Texas.

1.2.    Defendant, CHARLOTTE PIPE AND FOUNDRY COMPANY, is a foreign corporation doing business in the State of Texas. Defendant can be served with process by serving its registered agent for service of process, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

1

1.3. This Court has subject matter Jurisdiction under 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*.

1.4. This Court has supplemental Jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

1.5. This Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

1.6. Venue is proper in this district under 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in such district.

1.7. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on, or about, August 24, 2017, alleging disability discrimination. The EEOC issued its "Notice of Suit Rights" on, or about, February 5, 2019. This action is being commenced within the required statutory time limits as (a) the charge was filed within 180 days of Plaintiff's termination, and (b) this matter is being filed within 90 days of receipt of the "Notice of Suit Rights" issued by the EEOC.

1.8. All conditions precedent to the initiation of this lawsuit have been fulfilled.

1.9. Injunctive relief is sought pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(g).

## II. FACTUAL BACKGROUND

2.1. Plaintiff became employed by Defendant in approximately 1998.

2.2. In approximately 2010, Plaintiff was diagnosed with diabetes.

2.3. Plaintiff's medical condition constitutes a disability under the ADA.

2.4. Defendant was aware of Plaintiff's disability but it had never affected his ability to perform the essential functions of his job.

2.5. Defendant is in the business of manufacturing PVC pipe.

2.6. At the time his employment was terminated, Plaintiff was employed by Defendant as a "Blender" or "Mixer."

2.7. As part of his job, Plaintiff unloaded resin from railroad cars. Resin is a chemical used to manufacture the pipe.

2.8. On the morning of June 28, 2017 Plaintiff was unloading a rail car and he walked into the pump station. This is a free-standing metal building with a concrete floor.

2.9. There are pipes and gauges inside this building that need to be monitored while the resin is being pumped out of the railcar and this is why Plaintiff entered the pump station.

2.10. There was nobody else inside the pump station. While inside Plaintiff developed a very urgent need to urinate immediately. This is a direct result of his diabetes.

2.11. This had happened before, but Plaintiff had always been able to make it to a restroom. On this occasion he did not believe he could not make it to a restroom, so he urinated inside the pump station.

2.12. There is a gap between the metal wall and the concrete floor, so the urine went outside and did not pool on the floor inside the metal building.

2.13. When he finished urinating Plaintiff turned and saw the Plant Manager, Mr. Matt Feggestead, who had apparently just entered the pump station. Plaintiff apologized and explained that he knew he could not make it to a restroom.

2.14. Later that same day Plaintiff was called into Mr. Feggestead's office. Mr. Feggestead asked Plaintiff why he had urinated in the pump station. Plaintiff explained that his diabetes sometimes causes him to have a very urgent need to urinate and at times he does not have much warning before this happens. Plaintiff again apologized and told Mr. Feggestead that this had never happened before.

2.15. Although Defendant had actual knowledge of Plaintiff's disability and that he has previously performed the essential functions of his employment with or without reasonable accommodation, Defendant failed to engage in any interactive process with Plaintiff and terminated his employment on, or about, July 6, 2017.

2.16. Rather than seeking to provide any sort of accommodation such as a permanent, temporary, or portable toilet closer to Plaintiff's work area, Defendant told Plaintiff that his conduct was "immoral" and fired him.

### III.   CAUSE OF ACTION:

#### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
#### AND TEXAS COMMISSION ON HUMAN RIGHTS ACT

3.1. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1.1-2.16 as though fully set forth at length herein.

3.2. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the ADA and TCHRA.

3.3. Defendant was at all relevant times an "employer" as defined by the ADA and TCHRA.

3.4. Plaintiff was at all relevant times an "employee" as defined by the ADA and TCHRA.

3.5. Plaintiff was a qualified individual person with a disability as defined by the ADA and TCHRA, and Defendant failed and refused to make a reasonable workplace accommodation to Plaintiff's known disability or to even engage in the interactive process prior to Plaintiff's termination in order to determine what would be an adequate or reasonable workplace accommodation. Providing a reasonable workplace accommodation would not have created an undue hardship on Defendant. As a result of this failure, Plaintiff was terminated in violation of the ADA and TCHRA.

3.6. As a result of Defendant's discriminatory actions in violation of the ADA and TCHRA, Plaintiff suffered actual damages in the form of lost wages and benefits, (past and future), as well as emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. As a result of these willful/intentional violations of the ADA and TCHRA, Plaintiff requests that he be awarded all damages against Defendant, to which he is entitled, as outlined in the ADA and TCHRA, including, but not limited to, lost wages, salary, employee benefits, compensatory and punitive damages, attorney's fees, court costs, and interest.

3.7. The conduct of Defendant as alleged herein was intentional and Plaintiff requests the Defendant be enjoined from engaging in such unlawful employment practices and that the Court order such other affirmative action as the Court may deem appropriate.

3.8. Alternatively, Plaintiff pleads that any facially neutral rule, policy, or standard prohibiting the conduct for which Plaintiff was terminated had an adverse impact on Plaintiff due to his disability because it would be Plaintiff's disability that caused a violation of any such any rule, policy, or standard.

### IV.   JURY TRIAL DEMAND

4.1   Plaintiff demands a jury trial on all issues so triable.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Determining that Defendant engaged in unlawful intentional discriminatory employment practices as alleged herein;

b. Determining that Defendant engaged in discriminatory employment practices with malice or with reckless indifference to the federally protected rights of Plaintiff, and with conscious disregard to such rights;

c. Enjoining Defendant from engaging in such unlawful employment practices and reinstating Plaintiff;

d. Awarding Plaintiff back pay;

e. Awarding Plaintiff front pay;

f. Awarding Plaintiff compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

g. Awarding Plaintiff punitive damages;

h. Awarding Plaintiff pre- and post-judgment interest;

i. Awarding Plaintiff liquidated damages;

j. Awarding Plaintiff costs and expenses, including reasonable attorney's fees and expert's fees;

k. Awarding Plaintiff pecuniary damages for costs related to seeking subsequent employment; and

l. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled under the ADA, and TCHRA.

Respectfully submitted:

By: /s/ David G. Langenfeld
**David G. Langenfeld**
Attorney-in-Charge
State Bar No. 11911325
LEICHTER LAW FIRM
1602 East 7th Street

Austin, TX  78702
Tel.:  (512) 495-9995
Fax:   (512) 482-0164
Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**